# 98 DTA 202

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL DE BAYAMON
PANEL I**

JOSE R. GASCOT CUADRADO
Demandante-Apelante

v.

EVELYN GARCIA CASTRO, ET ALS.
Demandadas-Apeladas

Núm. KLAN-98-00361

San Juan, Puerto Rico, a 10 de agosto de 1998

Panel integrado por su Presidente, el Juez Sánchez Martínez
y los Jueces Broco Oliveras y Urgell Cuebas

Broco Oliveras, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

### I

En el presente recurso de apelación se recurre de una sentencia dictada por el Tribunal de Primera Instancia, Sala Superior de Bayamón, que desestimó cierta demanda incoada para impugnar la venta judicial de un inmueble mediante subasta y reclamar los daños y perjuicios resultantes.

Aduce la parte apelante que el tribunal apelado erró al desestimar la demanda, al no dictar sentencia sumaria favorable a éste y al concluir que la subasta se realizó en San Juan y no en Toa Alta, como alegadamente ocurrió.

Por los fundamentos que habremos de discutir a continuación, se confirma la sentencia apelada.

El 25 de septiembre de 1994, el Sr. José R. Gascot Cuadrado y la Sra. Evelyn García Castro se vieron involucrados en un accidente automovilístico. Posteriormente, la Sra. García Castro presentó una acción civil contra el apelante Gascot Cuadrado en el Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de San Juan. Como resultado de un acuerdo de transacción negociado entre las partes, dicho tribunal dictó sentencia en la cual el apelante Gascot Cuadrado se comprometía a satisfacerle a la apelada García Castro la cantidad de siete mil dólares ($7,000) por los daños causados a ésta.

El apelante Gascot Cuadrado incumplió con dicho compromiso y la apelada García Castro solicitó y obtuvo del tribunal una orden de embargo en ejecución de sentencia contra un bien inmueble del apelante localizado en el Municipio de Toa Alta. Esta solicitud le fue notificada a Gascot Cuadrado según lo concluyó el tribunal apelado. Finalmente, el inmueble fue embargado, vendido en pública subasta y adjudicado por sentencia a la apelada García Castro. Luego de emitirse la orden de lanzamiento contra el apelante, éste recurrió ante este Tribunal solicitando la paralización de dicha orden. Uno de los paneles de los que está compuesto este Tribunal denegó lo solicitado, así como el Tribunal Supremo posteriormente.

Así las cosas, el apelante Gascot Cuadrado presentó una nueva demanda impugnando la venta y reclamando por daños y perjuicios contra la Sra. García Castro por el fundamento de que el embargo de su propiedad y la posterior venta en pública subasta no fueron realizadas de acuerdo al procedimiento establecido en las Reglas de Procedimiento Civil. Luego sometió una moción de sentencia sumaria parcial donde argumentó que el procedimiento para la venta no cumplió con la Regla 51.8 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 51.

Por su parte, la Sra. García Castro presentó una moción de desestimación donde adujo que las alegaciones del apelante habían sido atendidas y adjudicadas en el otro caso, además de ser prácticamente idénticas a las esbozadas en ocasión del anterior recurso.

El tribunal apelado examinó la totalidad de las alegaciones así como los nuevos documentos ilustrativos incluidos por el apelante y concluyó que procedía dictar sentencia desestimando la demanda presentada por éste.

Ante nos, el apelante aduce que el tribunal apelado erró al desestimar la demanda, al no dictar sentencia sumaria favorable a su contención y al concluir que la venta en pública subasta se celebró en San Juan en lugar de Toa Alta, a pesar de que el acta de subasta así alegadamente lo atestó.

## II

Siguiendo el formato del escrito de apelación presentado ante nuestra consideración y dado lo relacionados que se encuentran los errores alegados por el apelante, habremos de discutir los mismos de manera conjunta.

La Regla 51.8 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 51, dispone lo siguiente:

*"(a) Aviso de venta. Antes de verificarse la venta de los bienes objeto de la ejecución, deberá publicarse la misma por espacio de dos (2) semanas mediante avisos por escrito visiblemente colocados en tres sitios públicos del municipio en que ha de celebrarse dicha venta, tales como la alcaldía, el tribunal y la colecturía. Se publicará, además, dicho aviso en la colecturía y en la escuela pública del lugar de la residencia del demandado, cuando ésta fuera conocida, o en un diario de circulación general en el Estado Libre Asociado de Puerto Rico, por espacio de dos (2) semanas y por lo menos una vez por semana. El aviso de venta describirá adecuadamente los bienes a ser vendidos y se referirá sucintamente además, a la sentencia a ser satisfecha mediante dicha venta, con expresión del sitio, día y hora en que habrá de celebrarse la venta. Si los bienes fueren susceptibles de deterioro, el tribunal, a solicitud de parte, podrá reducir el término de publicación del aviso a menos de dos (2) semanas. Será nula toda venta judicial que se realice sin dar cumplimiento al aviso de venta en la forma indicada, sin perjuicio de la responsabilidad de la parte que promoviere la venta sin cumplir con tal aviso."*

Del propio texto de la regla antes citada se desprende que el aviso de venta ha de publicarse en tres lugares públicos del municipio donde habrá de celebrarse la venta entendiéndose por esto: la alcaldía, el tribunal y la colecturía. Además de lo antes requerido, la regla dispone que ha de realizarse una publicación adicional, en la colecturía y en la escuela pública del lugar de residencia del demandado, si fuere conocido, o en un diario de publicación general. Queda meridianamente claro el hecho de que si se publica el aviso de venta en la escuela pública y en la colecturía del lugar de residencia del demandado no existe requerimiento legal alguno que imponga el deber de publicar un aviso en un periódico de circulación general so pena de nulidad de la venta. La regla utiliza la conjunción "o", no la "y" por lo que resulta forzoso concluir que la intención del legislador fue establecer un procedimiento alternativo para la publicación del aviso de la venta en lo que al lugar de residencia del demandado respecta.

En el caso de marras, tal cual determinó el tribunal apelado, la demanda se presentó en San Juan, la orden de embargo se libró en San Juan, la venta se celebró en San Juan, los anuncios de la venta se publicaron en la alcaldía, el tribunal y la colecturía de San Juan y en la escuela pública y la colecturía del Municipio de Toa Alta, lugar donde residía el apelante y donde estaba sito el inmueble vendido. Adoptar la interpretación de la regla sugerida por el apelante a los efectos de que hay que publicar el aviso de venta en un periódico de circulación general cuando se conoce el lugar de residencia del demandado y se sigue el trámite dispuesto en la regla antes citada, supondría enmendar la misma por fiat de interpretación judicial y contravenir la intención del legislador.

Debemos señalar que la controversia de marras fue prácticamente adjudicada en su totalidad en el caso anterior que llegó hasta el Tribunal Supremo. Sin embargo, al contar en esta ocasión el tribunal apelado con el beneficio de un expediente más completo que en la ocasión anterior hemos realizado un minucioso análisis de la totalidad del mismo y estamos contestes en señalar que dicho tribunal actuó conforme a derecho. De otra parte, el apelante no incluyó en el apéndice del recurso copia de la moción en oposición a la sentencia sumaria presentada por la parte apelada y sobre la cual el tribunal *a quo* hizo referencia en su sentencia. La facultad de los tribunales apelativos para revisar los asuntos que se presentan ante nuestra consideración se ve limitada por el incumplimiento de los promoventes de los recursos con su deber de informar e incluir copia de la totalidad de los documentos que forman parte de los autos originales del caso. No puede descansarse en la incorporación selectiva de algunos documentos favorables a la posición del apelante y obviar aquellos que no lo son.

El apelante incluyó una alegación de que no se cumplió con lo establecido en la Regla 56.4 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 56, en cuanto a la notificación del embargo del bien inmueble. No le asiste la razón. Del propio expediente de autos surge el hecho de que el apelante siempre estuvo al tanto de los procedimientos y fue notificado de los mismos hasta el punto de que, tal cual lo expresa la sentencia, impugnó la procedencia del embargo en el recurso anterior al presente. Así lo concluyó igualmente otro distinguido panel de este Tribunal en su momento.

En lo que a la moción de desestimación respecta, el Tribunal Supremo ha expresado que la Regla 10.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R.10.2, permite al demandado solicitar del tribunal que se desestime la demanda en su contra cuando ésta no exponga *" una reclamación que justifique la concesión de un remedio".* Se ha resuelto que, a los fines de disponer de una moción de desestimación, los tribunales vienen obligados a dar por ciertas y buenas todas las alegaciones fácticas de la demanda radicada. Para prevalecer, el promovente de la moción tiene que demostrar que, aún así, la demanda no expone una reclamación que justifique la concesión de un remedio. Esta doctrina se aplica solamente a los hechos bien alegados y expresados de manera clara y concluyente, que de su faz no den margen a dudas. *Pressure Vessels P.R. v. Empire Gas P.R.*, 139 D.P.R. ___ (1994), **94 J.T.S. 144;** *Ramos Lozada v. Orientalist Rattan Furniture,* 131 D.P.R. ___ (1992), **92 J.T.S. 74;** *Unisys v. Ramallo,* 129 D.P.R. ___ (1991), **91 J.T.S. 69.**

Frente a una moción para desestimar la demanda, la misma debe ser interpretada lo más liberalmente posible a favor de la parte demandante y sus alegaciones se examinarán de la manera más favorable a ésta. La demanda no deberá ser desestimada a menos que se desprenda con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo de su reclamación. Nuestro deber es considerar si a la luz de la situación más favorable al demandante y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una reclamación válida. *Unisys v. Ramallo, supra.*

Este análisis debe hacerse tomando en cuenta que en el procedimiento civil moderno se acepta que las alegaciones sólo tienen una misión: notificar a grandes rasgos cuáles son las reclamaciones y defensas de las partes. *Sierra v. Tribunal Superior*, 81 D.P.R. 554, 560 (1959).

A la luz de lo antes expuesto resolvemos que el tribunal apelado no erró al desestimar la demanda por no surgir de la misma el que el apelante tuviere derecho a un remedio. La prueba aportada, la cual forma parte del expediente que obra ante nos, así lo demuestra. La actuación del Tribunal de Primera Instancia nos merece gran deferencia y respeto y en ausencia de los factores que activan nuestra intervención sobre las determinaciones de hecho de dicho foro, no habremos de intervenir con éstas.

## III
Por los fundamentos antes expresados, se confirma la sentencia apelada.

Así lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General